UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. ACORD,<br><br>          Petitioner,<br><br>   v.<br><br>THE STATE OF CALIFORNIA,<br><br>          Respondent. | No. 1:17-cv-01156-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus filed on August 28, 2017. Petitioner claims that prisoners who are serving their felony sentences in jail are being required to serve longer sentences than those prisoners incarcerated in state prisons. The petition fails to state a claim, fails to name a proper respondent, and fails to demonstrate exhaustion of state remedies. Therefore, the Court will recommend it be DISMISSED.

**DISCUSSION**

A.    <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.    Insufficient Information and Standing

A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition shall, *inter alia*, "specify all the grounds for relief available to the petitioner; state the facts supporting each ground; [and] state the relief requested." Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the Advisory Committee Notes to Rule 4 explains that "Notice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977).

In this case, the petitioner complains that prisoners serving their felony sentences in jails pursuant to AB109 are being required to serve 17% longer sentences than those prisoners serving their sentences in state prisons. He claims this violates the AB109 prisoners their due process rights, their rights to equal protection, and constitutes additional punishment for the same offense. Nevertheless, Petitioner fails to provide sufficient information to state a claim.

For this Court to have subject matter jurisdiction, Petitioner must have standing to sue at the time the action is filed. Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n. 4 (1992). Here, Petitioner provides no facts as to how the alleged violations affect him. He provides no information on his conviction, his sentence, his current incarceration status, how the alleged violations have impacted his sentence, or any background facts whatsoever that would permit the Court to review his claims.[1] Therefore, Petitioner fails to establish standing to sue, and he fails to

---

[1] Moreover, it appears the petitioner may believe he may bring claims on behalf of other people in this habeas action; he may not. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); Watkins v. Hedgpeth, 2007 WL 2109255, at *1 (E.D. Cal. 2007).

2

state a claim pursuant to Rule 2(c).

C.      Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on

3

federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner does not indicate whether he has presented any of the claims to the California Supreme Court as required by the exhaustion doctrine. If Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982).

D.    Failure to Name a Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named the State of California as Respondent. However, the State of California is not the warden or chief officer of the institution where Petitioner is confined and does not have day-to-day control over Petitioner. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v.

California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970).

E.   Failure to State a Cognizable Federal Habeas Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The U.S. Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must also demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner alleges a violation of due process, equal protection, and double jeopardy. However, it is unclear exactly how these constitutional rights are being violated. Petitioner claims that offenders serving their "AB109 Felony sentences" are not being granted the same 17% reduction from 50% to 33% as those offenders serving their felony sentences in state prison. Petitioner fails to set forth facts to support his allegations, and therefore fails to state a claim.

Moreover, the claim is meritless. On October 1, 2011, legislation known as the "Realignment Act" became operative. See Stats.2011, c. 15 (A.B.109), § 482, eff. April 4, 2011, operative Oct. 1, 2011, and amended by Stats.2011, c. 39 (A.B.117), § 53, eff. June 30, 2011, operative Oct. 1, 2011. Pursuant to this legislation, Cal. Penal Code § 2933 was amended to deal only with post-sentence worktime credits. Under § 2933, "[f]or every six months of continuous incarceration, a prisoner shall be awarded credit reductions from his or her term of confinement of six months." Now, Cal. Penal Code § 4019 applies when a prisoner is confined to a county jail

as a result, *inter alia*, of a sentence imposed pursuant to section 1170, subdivision (h).[2] See § 4019, subd. (a)(6), as added by Stats.2011, 1st Ex. Sess. 2011-2012, ch. 12, § 35, eff. Sept. 21, 2011, operative Oct 1, 2011. Section 4019 provides for accrual of credit at a rate such that four days are deemed served for every two days spent in actual custody. Subdivision (h) of the statute specifies that the changes apply to prisoners confined to county jail for crimes committed on or after October 1, 2011. Thus, a state prisoner serving a felony sentence pursuant to § 4019 in jail is entitled to earn day-for-day credits the same as a state prisoner serving a sentence in state prison. Therefore, the basis for Petitioner's claim is without merit.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 2, 2020**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Cal. Penal Code § 1170(h), certain convicted persons not otherwise excluded may be permitted to serve their state prison sentence in a county jail.

7